NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250002-U

NO. 4-25-0002

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 16, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Tazewell County |
| CARLIS McCLANAHAN, | ) | No. 23CF523 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Chris R. Doscotch, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Presiding Justice Steigmann and Justice Grischow concurred in the judgment.

**ORDER**

¶ 1     *Held*:  (1) The admonition provided before defendant admitted to the petition to revoke probation did not substantially comply with the requirement he be advised of the sentencing range and (2) defense counsel was ineffective for failing to file a certification for waiver of court assessments.

¶ 2     Pursuant to a plea agreement, defendant Carlis McClanahan was sentenced to probation. The State filed a petition to revoke probation due to his failure to comply with the terms of probation and his commission of a new offense. As part of an agreed disposition, defendant admitted to the petition's allegations and the circuit court approved the parties' agreed-upon sentence of four years in the Illinois Department of Corrections (DOC). On appeal, defendant argues that the court misapprehended the minimum sentence; defense counsel was ineffective in failing to raise the issue; and the admonitions received at the time he admitted to the petition to

revoke were deficient for failing to state the sentencing range. He also argues that his counsel was ineffective for failing to file a certification for waiver of the assessments imposed under his original plea. For the following reasons, we reverse and remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4        In 2023, defendant was indicted for residential burglary, a Class 1 felony, under section 19-3(a) of the Criminal Code of 2012 (720 ILCS 5/19-3(a) (West 2022)). At several pretrial hearings, it was noted the defendant was being evaluated by Treatment Alternatives for Safe Communities (TASC). In November 2023, the parties presented a fully negotiated plea agreement to the circuit court. Pursuant to the plea agreement, defendant would be sentenced to 24 months of probation, conditioned on treatment. 20 ILCS 301/40-10 (West 2022). The designated treatment provider was TASC. According to his counsel, TASC probation and its requirements had been explained to defendant, who understood "that but for TASC probation, this is a mandatory DOC sentence." Defendant stated that he was "very appreciative" that the court was "giving [him] a chance."

¶ 5        Prior to accepting the plea, the circuit court admonished defendant as follows: the offense to which he would plead guilty was residential burglary, a Class 1 felony; he faced a sentencing range of 4 to 15 years in prison, followed by 1 year of mandatory supervised release (MSR), plus fines and costs up to $25,000; and the offense is nonprobational unless sentenced to TASC probation. Relevant here, the court also advised defendant that if he "were to not comply with TASC, *** [he]'d be back in here on a petition to revoke" and that if his "probation's revoked, then [he] would face a minimum of four years in" DOC. The court also advised defendant that he had the right to a trial, including the right to cross-examine and confront witnesses, but he was waiving those rights by pleading guilty. Defendant confirmed that he wished to accept the plea

agreement. A written guilty plea form was also filed of record, and it stated that he "agree[d] to pay the penalty."

¶ 6        After receiving the State's proffer of the factual basis for the plea, the circuit court then accepted the plea. The court entered a sentencing order, a financial sentencing order, and an order setting forth the conditions of TASC probation. The financial sentencing order provided that defendant was to pay a total of $1,459 in assessments (though due to an apparent scrivener's error, the order stated the total as $1,774, apparently adding rather than subtracting the amount applied from defendant's bond). On the last page of the financial sentencing order, above defendant's signature, a section permitted defendant to state that he was giving up his right to seek a waiver of assessments as part of his plea agreement, but the box next to that section is unchecked.

¶ 7        In January 2024, the State filed a petition to revoke probation, alleging defendant committed burglary (720 ILCS 5/19-1(a) (West 2024)) earlier that month. A probation officer in Tazewell County, Keith Funk, filed an affidavit in support of the State's petition, which provided facts about the alleged offense and noted that defendant had recently tested positive for amphetamines and methamphetamine. There is no indication in the record that defendant was indicted in a separate criminal case based on these allegations.

¶ 8        The file reflects an April 1, 2024, letter from TASC stating that it had discharged defendant from its treatment program with a completion status of "unsuccessful." The letter noted that he never enrolled in treatment.

¶ 9        Defendant appeared at the initial status date on the petition to revoke his probation, but he failed to appear at a subsequent status date, and a warrant was issued to compel his attendance. The circuit court later imposed a three-day jail sanction for defendant's nonappearance, allowing his release thereafter. This sequence of events repeated itself multiple

times. In September, the court ordered that defendant be screened for drug court. A pretrial services criminal history report filed September 18, 2024, stated that defendant had missed eight probation office appointments, dating back to January of that year. There had been no contact with the probation office since June 27. Efforts by the drug court staff to contact him had been unsuccessful.

¶ 10　　　　In October, defendant attended a status hearing, during which he stated he was "[g]oing to—whenever I'm done with probation, going to start my treatment. Going to AA meetings right now at the end of the day. And I wanted to try to get a deal with TASC probation. She says that'd be something that'd be possible." The circuit court responded: "Then just see what probation says because they have ideas. They do supervision, but they also try to help you, okay?" Defendant never followed up to indicate that he had reached an agreement with TASC or the probation department.

¶ 11　　　　In December, defendant admitted to the petition to revoke, including the requested relief of a four-year sentence, with credit for 86 days of time served, and one year of MSR. During the revocation hearing, the circuit court did not mention the statutory minimum sentence but otherwise admonished him that he was giving up his right to confront and cross-examine witnesses, as well as his right to trial. The court then revoked his probation and indicated he was "already responsible for whatever fines and costs are in there."

¶ 12　　　　Defendant did not file a motion to withdraw his plea, did not object to his sentence throughout the revocation proceedings, and did not file a postsentencing motion.

¶ 13　　　　This appeal followed.

¶ 14　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 15　　　　Defendant advances three arguments on appeal: (1) that the circuit court "mistakenly believed" that the minimum sentence following revocation was four years because

defendant could have again been sentenced to TASC probation (or, in the alternative, that his attorney was ineffective for not raising the issue); (2) that the court failed to provide him with the requisite admonition about the minimum sentence under Illinois Supreme Court Rule 402A(a)(6) (eff. Nov. 1, 2003); and (3) that his attorney was ineffective for not filing a certificate under Illinois Supreme Court Rule 404 (eff. Sept. 1, 2023) in order to secure a waiver of defendant's assessments.

¶ 16                     A. Sufficiency of the Admonitions at Revocation

¶ 17        Defendant argues that he was not admonished concerning the possible sentencing range at the probation revocation hearing. The State argues that this issue is forfeited due to defendant's failure to bring an appropriate postsentencing motion. It further argues that, if the issue is not forfeited, the circuit court's admonitions were substantially compliant.

¶ 18                             1. *Forfeiture*

¶ 19        The judgment revoking a defendant's probation is a final and appealable order, even when it is based on his admission. 730 ILCS 5/5-6-4(g) (West 2024); Ill. S. Ct. R. 604(b) (eff. Apr. 15, 2024). Indeed, unlike Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024), which governs appeals from judgments entered on pleas of guilty, Rule 604(b)—applicable to appeals from revocation of probation—does not require a postsentencing motion to preserve issues for appeal. See *People v. Harris*, 392 Ill. App. 3d 503, 506-07 (2009) (stating that "a defendant who has admitted violating his or her probation is not required to move to withdraw the admission before appealing the order revoking the probation"); *People v. Hayes*, 2022 IL App (2d) 210014, ¶¶ 19-20 (noting that Rule 604(d) does not apply to appeals from judgments revoking probation). This approach has been followed where the issue is the adequacy of admonitions given at the hearing on the petition to revoke probation. *People v. Bailey*, 2021 IL App (1st) 190439, ¶¶ 19-24.

¶ 20　　　　The supreme court imposed a specific rule requiring a specific postjudgment motion for convictions based on guilty pleas in Rule 604(d). *Harris*, 392 Ill. App. 3d at 506-07; *Hayes*, 2022 IL App (2d) 210014, ¶¶ 19-20 (noting that Rule 604(d) does not apply to appeals from judgments revoking probation). While cogent arguments could be made that a similar provision should be included in Rule 604(b) as it applies to appeals from a sentence imposed after revocation of probation, that is a matter for the supreme court and not for us. Consequently, we reject the State's contention that this issue has been forfeited.

¶ 21　　　　　　　　　　　2. *Sufficiency of the Admonitions*

¶ 22　　　　We begin our analysis with Rule 402A(a), which requires the circuit court to address the defendant personally in open court to inform him of—and to ensure he understands— the following:

　　　　　"(1) the specific allegations in the petition to revoke probation, conditional discharge or supervision;

　　　　　(2) that the defendant has the right to a hearing with defense counsel present, and the right to appointed counsel if the defendant is indigent and the underlying offense is punishable by imprisonment;

　　　　　(3) that at the hearing, the defendant has the right to confront and cross-examine adverse witnesses and to present witnesses and evidence in his or her behalf;

　　　　　(4) that at the hearing, the State must prove the alleged violation by a preponderance of the evidence;

　　　　　(5) that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, there will not be a hearing on the petition to revoke probation,

conditional discharge or supervision, so that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, the defendant waives the right to a hearing and the right to confront and cross-examine adverse witnesses, and the right to present witnesses and evidence in his or her behalf; and

(6) the sentencing range for the underlying offense for which the defendant is on probation, conditional discharge or supervision." Ill. S. Ct. R. 402A(a)(1)-(6) (eff. Nov. 1, 2003).

The goal of Rule 402A(a) is to ensure that the defendant's admission is knowing, meaning he "understood his admission, the rights he was waiving, and the potential consequences of his admission." *People v. Dennis*, 354 Ill. App. 3d 491, 496 (2004).

¶ 23        Here, it is beyond question that, at the revocation hearing, the circuit court failed to admonish defendant as to "the sentencing range for the underlying offense for which the defendant is on probation" and failed to "determine[e] that the defendant underst[ood]" the sentencing range. Ill. S. Ct. Rule 402A(a)(6) (eff. Nov. 1, 2003). It was a simple mistake, but certainly preventable. This may be a situation in which the court would be well served by employing a checklist to ensure that all required admonitions are given. See, *e.g.*, *People v. Britton*, 2026 IL App (4th) 250536-U, ¶ 67 (suggesting the use of a checklist in giving admonitions in several settings).

¶ 24        However, the circuit court's error does not require reversal if we find that there was substantial compliance with the rule. We will find substantial compliance when, "although the trial court did not recite to the defendant, and ask the defendant if he *** understood, an item listed in [Rule 402A(a)], the record nevertheless affirmatively and specifically shows that the defendant in fact understood that item." *Dennis*, 354 Ill. App. 3d at 495. This inquiry is objective; we ask what "an ordinary person in [the] defendant's position would have understood" at the time the admission

was accepted, based on the record of earlier proceedings. *Id.* at 496. We consider each case based on its specific facts, with our principal focus on the length of time between any earlier admonitions and the court's acceptance of the admission. *Id.*

¶ 25        Here, the circuit court's incomplete admonitions might have been cured by reference to sufficient admonitions given earlier, so long as they had been given fairly recently. Here, the court admonished defendant about the proper sentencing range—4 to 15 years' incarceration, unless TASC probation were given—at the time of his original plea. However, in finding substantial compliance based on an earlier admonition, our "main focus [is] on the length of time between the admonishments and the admission to violating probation." *In re Westley A.F., Jr.*, 399 Ill. App. 3d 791, 796 (2010). Here, the earlier admonitions were given more than a year before the revocation hearing, which makes them a poor basis on which to find substantial compliance.

¶ 26        Moreover, where substantial compliance rests on admonitions given earlier in the case, surely those earlier admonitions must have themselves been accurate. See *Bailey*, 2021 IL App (1st) 190439, ¶¶ 28-29 (declining to find substantial compliance when earlier admonitions did not cure the subsequent failure to correctly admonish as to the required minimum term). The problem with the accuracy of the admonitions given at the plea hearing was the circuit court's statement—not required by Rule 402A(a)—informing defendant that in the event his probation were revoked, he would be facing a sentence of 4 to 15 years' incarceration. No mention was made of the possibility of a second sentence to TASC probation, a sentence for which defendant would have been eligible after revocation. While a defendant who has been admitted to TASC probation "on 2 prior occasions within any consecutive 2-year prior" is statutorily ineligible for TASC probation (20 ILCS 301/40-5(6) (West 2024)), defendant was sentenced to TASC probation only

once. (Although defendant raised this as a separate point for reversal, we need not address it on those terms.)

¶ 27　　　The circuit court's incorrect statement at the time of defendant's plea that the minimum sentence upon revocation would be four years' incarceration—without mention of TASC probation—muddled the effectiveness of the admonitions given at that time. Consequently, in addition to being more than a year old, the admonitions given at the time of the plea provide an insufficient basis for us to find substantial compliance with Rule 402A(a).

¶ 28　　　We do not overlook the apparent practical reality that the circuit court was, in all probability, unlikely to give defendant a second bite at the TASC probation apple. He had, after all, completely failed the first go-around, and he had demonstrated an unfortunate record of missing multiple court dates. He appeared to be an unlikely candidate to be given a second chance. Still, even if that was *exactly* what the court thought, Rule 402A(a) requires disclosure of the sentencing range the defendant is *eligible* to receive, not the range that the court is subjectively inclined to give. A second TASC probation sentence was the lightest possible sentence, but defendant was told that the minimum would be four years' incarceration if his probation was revoked.

¶ 29　　　The circuit court's failure to properly admonish defendant at the time of the revocation hearing requires that defendant "should thus be allowed on remand to withdraw his admissions to violations of his probation." *Bailey*, 2021 IL App (1st) 190439, ¶ 32. However, we encourage the court to directly inquire of defendant whether this is the relief he truly desires. Perhaps after assessing whether it is realistic to expect that he would receive a second chance at TASC probation, and because he has already served a substantial portion of what is otherwise the

minimum four-year sentence, defendant might well decide that he is best served to keep the disposition to which he previously agreed.

¶ 30                              B. Certification for Waiver of Court Assessments

¶ 31        Separately, defendant argues his counsel was ineffective for failing to file the certification for waiver of court assessments. The applicable rule states, in part:

> "In any case where a defendant is represented by a public defender, criminal legal services provider, or an attorney in a court-sponsored *pro bono* program, the attorney representing that defendant *shall* file a certification with the court, and that defendant shall be entitled to a waiver of assessments as defined in 725 ILCS 5/124A-20(a) [(West 2024)] without necessity of an Application under this rule." (Emphasis added.) Ill. S. Ct. R. 404(e) (eff. Sept. 1, 2023).

¶ 32        The State argues that defendant's plea agreement recognized that he would pay "fines and costs up to twenty-five thousand" dollars, suggesting that it would contradict the parties' agreement for defendant to have pursued a waiver of his assessments. We cannot accept this contention. Putting aside the question of whether a defendant can waive his statutory right to a waiver of assessments, the record here does not expressly show such an agreement. In fact, the form order contains a box that might be checked if that were the parties' agreement, and here, that box was not checked. Furthermore, the State's interpretation would be that anytime a defendant pleads guilty to an offense triggering the imposition of assessments, it means that the defendant is waiving his right to have those assessments waived. Given the high percentage of cases resolved by plea, this interpretation would nearly negate the statutory provisions for waiver of assessments.

¶ 33        Additionally, we note that the waiver at issue applies only to court *assessments*, not to the fines imposed as a criminal penalty. 725 ILCS 5/124A-20 (West 2024); see also Illinois

- 10 -

Supreme Court, *How to Request a Waiver of Criminal Court Assessments*, available at https://ilcourtsaudio.blob.core.windows.net/antilles-resources/resources/1ae77e4a-86e4-47c7-8120-c3e16a4fe462/FW-CRM%20Instructions.pdf (last visited June 22, 2026) (stating assessments waivers "do not include fines or restitution"). Consequently, while defendant was told that he would pay "fines up to $25,000" and agreed to do so, this does not resolve the question of assessments.

¶ 34 Finally, the State argues that defendant cannot show prejudice, *i.e.*, that a request for waiver of court fees would be granted. The State again misunderstands the process. Because defendant was represented by the public defender, all that was required for him to achieve waiver of his assessment was for counsel to file an appropriate certificate under Rule 404(e) "without necessity of an [a]pplication." Ill. S. Ct. R. 404(e) (eff. Sept. 1, 2023). We have, in similar circumstances, found that counsel's failure to file the appropriate certificate was deficient and prejudiced the defendant. *People v. Durham*, 2025 IL App (4th) 241284-U, ¶ 15.

¶ 35                                    III. CONCLUSION

¶ 36 For the reasons stated, we reverse the judgment entered on defendant's admission to the petition to revoke probation and remand the cause with directions to (1) provide defendant with the admonitions under Rule 402A(a) before accepting his admission to the petition to revoke and (2) require defense counsel to file the appropriate Rule 404(e) certification of waiver of assessments.

¶ 37 Reversed and remanded with directions.